*Hartford*, June, 1816. Slocum v. Wheeler.

---

## STRONG *against* WRIGHT.

THIS was an action on a promissory note given to the plaintiff as treasurer of the town of *Hebron*. The note was as follows. "On demand I promise to pay *Amos Strong*, treasurer of the town of *Hebron*, or his successor in office, one hundred dollars and sixty-three cents, unless abated by the select-men. It is understood that the overcharge of the treasurer of *Connecticut* of seven dollars and twenty cents is to be indorsed, if there is no mistake in the levy of the town of *Hebron*. *Hebron, March* 8th, 1814. *Samuel Wright, Jun.*" The defendant pleaded in bar, that being collector of state taxes in the town of *Hebron* for the year 1813, he received from the state treasurer, on the 18th of *June* 1813, a warrant to collect of the inhabitants of that town two cents on the dollar of the list of polls and rateable estate, amounting to 1077 dollars 23 cents; that he immediately made out a rate-bill, including the names of the persons entered in the levy lodged in the town clerk's office, who were liable by law to pay their proportion of the tax, and affixing to each person's name his proportion; that on the 8th of *March* 1814, the civil authority and select-men of *Hebron* abated to sundry

Where the civil authority and select-men of a town abated the state taxes of sundry indigent persons to a less amount than one eighth of the whole tax of the town, and gave the collector a certificate addressed to the state treasurer that they had abated one eighth, and then took from the collector a promissory note payable to the town treasurer for the differ-

ence between the amount actually abated and one eighth; it was held that the consideration of such note was not illegal, the abatement being an allowance to the *town*, and the certificate a matter of form not required by law.

*Hartford*,
June, 1816.

Strong
*v.*
Wright.

indigent persons, whose names were inserted in the rate-bill, their several taxes to the amount of 34 dollars 2 cents, and no more, and then gave a certificate to the state treasurer, that they had abated from the tax in the defendant's hands to collect one eighth of the whole, being 134 dollars 65 cents ; and for the difference between the sum actually abated and the sum last mentioned, the note in suit was given, and for no other consideration. To this plea there was a demurrer ; and the cause was continued for the consideration and advice of the nine Judges.

SWIFT, Ch. J. This is an action by the plaintiff, as treasurer of the town of *Hebron*, against the defendant, a collector of state taxes.

The civil authority and select-men gave the defendant a certificate to the state treasurer of the abatement of one eighth part of the tax of the town, taking his note for the whole sum under an agreement that he should pay such part as should not be abated to individuals ;—and this suit is brought to recover the sum not abated.

The defendant contends, that the whole eighth part ought to be applied to the abatement of the taxes of the indigent ;—that the town have no right to it ;—that the consideration of the contract is illegal, and the note void. The statute on this subject is, " That on all warrants issued by the treasurer of the state, there shall be allowed to the several towns an abatement of one eighth part of the true list of said towns respectively, which eighth part the civil authority and select-men are empowered to apply for the relief of the indigent in the abatement of their particular rates, in whole or in part, in such way and manner as they shall judge most proper, just, and reasonable." *Tit.* 135. *c.* 1. *s.* 18.

Prior to the passing of this statute the civil authority and select-men had a discretionary power to abate taxes due to the state from towns. The exercise of such a discretion by so many different tribunals produced so much inequality among the towns, and opened the door to such abuse, that the legislature found it necessary, by the present law, to limit the towns to a certain sum, and to render them responsible for the residue, whether collected or not. The expressions of the statute make an unconditional allowance of one eighth part to the town, and imply a relinquishment of all

*Hartford,*
June, 1816.

Strong
*v.*
Wright.

claim, in any event, to any part of it. The civil authority and select-men are vested with a discretionary power to apply it to the relief of the indigent. If their taxes are sufficient to absorb the whole sum, it is the duty of the civil authority and select-men to make the application. But cases may occur where there are so few indigent persons that the taxes will not amount to an eighth part. The question is, what shall then be done? The state can make no claim, for the allowance to the town is absolute. The law will not warrant the abatement of the taxes of the rich, or of those who are not indigent, and are able to pay them; for it can be no relief to the indigent that the taxes of the rich should be abated; and it would be unequal and unjust that the taxes of a part of those who are able to pay should be abated, and the rest compelled to pay. It never could have been the intention of the legislature to require the abatement of the taxes of those who were able to pay them. The probability is, that they supposed there would always be a sufficient number of indigent to require an application of an eighth part; and therefore made no provision for a different event. Under these circumstances, there is nobody to claim this money but the town; and it is perfectly reasonable and equitable that they should make such an arrangement as that in question to secure it to their benefit. It is opposed to no principle of law, justice or policy.

It is objected, that the certificate of abatement was false, and a fraud on the treasurer. But the law does not require such certificate to entitle the town to the allowance; it does not require an actual abatement of one eighth part before the allowance is to be made by the treasurer. The certificate of abatement is a matter of form, prescribed by the treasury department. Whether correct or not, it operated no actual fraud; for nothing was obtained but what the town was entitled to without any certificate.

But the most plausible objection is, that on this construction the civil authority and select-men will be enabled to encrease the funds of the town, and lessen their own taxes; and of course, they will be under a strong temptation to oppress the poor. It will, however, be found in practice, that their individual interest will be too trifling to have any serious influence on their minds; and that it might very properly be disregarded by the legislature when they made

*Hartford,*
June, 1816.

Strong
*v.*
Wright.

the law. In this case, there is no pretence that there has been a refusal to abate the taxes of any indigent person. For aught that appears, the defendant has collected all the money, and is taking this mode to keep it. It is he that is attempting to practice a fraud.

I am of opinion that the consideration of the note is good, and that the plaintiff is entitled to recover.

In this opinion TRUMBULL, SMITH, BALDWIN, GODDARD and HOSMER, Js. coucurred.

EDMOND, J. The decision of the question in this case depends upon the construction that ought to be given to the 18th section of the act which provides for the collection and payment of taxes. *Tit.* 135. *c.* 1.

If the abatement of the one eighth part there mentioned, is *a gift* of so much money to the towns respectively, to be equally applied for the benefit of the inhabitants generally, and to be collected and distributed at the discretion of the civil authority and select-men, there can be very little, if any, doubt of their power to leave the rate unabated in the hands of the collector, and to take his note for the amount. But in my opinion such a construction is inadmissible. There is a deference due from the court to the legislature. In examining statutes it is proper to conclude the framers of them had some beneficial object in view ; and when the words used, or the location of them, is such as to admit of different constructions, that ought to be adopted, which, in its application, will be remedial, and especially where it will deliver the statute from what must otherwise appear a palpable absurdity.

If the legislature intended by the provisions of this section a *gift* to the town, or in other words, to the inhabitants, then every individual in the town liable by law to the payment of taxes, whether *rich* or *poor*, has an interest in the gift proportioned to his list compared with the whole list of the town. Let us then examine the nature of this gift in this view of the subject, and what is it ?—The Assembly grant a tax of one eighth *more than the public exigence demands,* to be levied upon all the inhabitants of the state liable to the payment of taxes in proportion to their lists made out and returned according to law, and then, by a solemn act, give back *as a gift* this unnecessary eighth to the towns, or what

is the same thing in substance, to all those from whom it is ordered to be collected, to be disposed of as they may judge expedient. The extent of the gift then, is, the legislature levy a tax on the towns for their benefit, charge them with the amount, and then *generously* relinquish this claim, and leave the towns to do as they please with the money when collected. To show the absurdity of such a process no comment is necessary.

*Hartford,*
June, 1816.

Strong
*v.*
Wright.

Let us then examine this section, and see whether it will not fairly admit of a construction widely different, more rational, and more useful in its application. In the laws which provide for and regulate the manner in which the general list shall be made out, a special regard to the poor and unfortunate constitutes a prominent feature. Tender infancy and advanced age are exempted ; and every tenth poll may be abated " for sickness, lameness and other infirmities." Consider then the grant in this section as being made in the same spirit, as *a gift to the indigent whose names are on the levy,* and who are liable to distress for the payment of their rates, and the wisdom of the legislature, as well as the humanity of the law, will be equally apparent. In granting a tax of one eighth more than is necessary to supply the treasury and meet the ordinary demands on the state, every wealthy man, not specially exempted, is compelled to advance to the collector his proportion of this eighth according to his list. It creates a liability which nothing but payment can legally mitigate or discharge. This surplus revenue raised from the *rich,* constitutes *a fund for the relief of the indigent who are holden for the payment of rates,* and for their relief only. By this extra payment of the rich, the state is enabled to remit one eighth of the tax granted. The authority and select-men are made the distributors. To do this, they have the power within the limits of their commission, and not otherwise. Their authority as to the *objects* to which they may apply it, or the purpose to which it may be applied, cannot by words be more clearly defined : " which eighth part the civil authority and select-men of the respective towns are hereby empowered to apply for the relief of the indigent in the abatement of their particular rates, in whole or in part, in such way and manner as they shall judge most proper, just and reasonable." The way and manner of making the distribution is left to the

discretion of the authority and selectmen; but the *indigent who have rates to pay* are the sole objects to be relieved by the bounty, and that relief is to be afforded only " in the abatement *of their particular rates.*" The law allows of no other application whatever. To apply it in this way is the duty of the authority and select-men. To neglect to do it, is a breach of the trust reposed in them by the law. To allow of a different application, is, in effect, to defeat the only beneficial and salutary purpose for which this section of the law was enacted.

Should it be objected, if the law be so, why is it said, " that on all warrants, &c. there shall be *allowed to the several towns* in this state *an abatement* of one eighth part of the true list of said towns respectively?" The answer is obvious. By the sixteenth section of the same act, the several towns are made " *chargeable with and responsible for the full amount of the state tax or rate* that may at any time be granted by the General Assembly, in proportion to the sum total of the respective lists of said towns, as the same shall be annually made and returned according to law." It became, therefore, not only proper, but necessary, in an after act by which one eighth was granted to be abated to the indigent on their particular rates, to make provision in the same act that the abatements so to be made should be allowed, or credited, to the town, on the warrant, or in account with the state.

It is further observable from this section, (s. 18.) that to entitle the town to such credit with the state, the abatement to the indigent in the manner described must be actually made; for we find at the close of the section immediately following the words which give the power of making the abatement to the indigent, these words: " and *no other or further* abatement shall be allowed in settlement of said taxes with the treasurer to the respective *towns* or collectors."

On the whole, I am of opinion, that, should the civil authority and select-men of any town in the state leave the rates of the indigent unabated with the collector for him to enforce payment; give a certificate that the one eighth was abated to enable him to obtain a credit with the treasurer, and take the collector's note for the amount; it would be a transaction which the law does not warrant, calculated in its effect to deceive the treasurer, to oppress the indigent,

and transfer either to themselves, or the town treasury, a portion of the tax devoted by law exclusively to the benefit of the indigent in the abatement of their particular rates.

I would therefore advise that the plea in bar is sufficient, and that judgment ought to be rendered for the defendant.

*Hartford,*
June, 1816.

Strong
*v.*
Wright.

BRAINARD, J. I am also constrained to dissent from the opinion delivered by the Chief Justice, and concurred in by a majority of the court.

The case is stated, and the ground of the plaintiff's claim fully disclosed, in the plea in bar.

The question arises upon the construction of the 18th section of the statute respecting " The collection and payment of rates or taxes." That section is, " That for all warrants to be issued by the treasurer of this state, for the collecting of taxes, there shall be allowed to the several towns in this state, an abatement of one eighth part of the true list of said towns respectively ; which eighth part the civil authority and select-men of the respective towns are hereby empowered to apply for the relief of the indigent in the abatement of their particular rates, in whole or in part, in such way and manner as they shall judge most proper, just and reasonable ; and that no other or further abatements shall be allowed in settlement of said taxes with the treasurer to the respective towns or collectors."

The 16th section says, " That the several towns in this state shall be chargeable for the full amount of the state tax that may be granted by the General Assembly ; and the treasurer of this state shall not allow any bills of abatement for any part of such rates, save only such as are expressly mentioned to be allowed, and are certified conformable to the direction given in the law of this state, entitled " An act for the direction of listers in their office and duty." This statute was first passed in *May* 1765, and still continues with some small modifications. It describes the *subjects*, but does not limit the *quantum* of abatement, nor time of extension. It adds, " that in every bill of abatement shall be certified the reason of such abatement by the persons who have a right by law to make the same." Inconveniencies in practice on the statute of 1765 were experienced, and not improbably suspicions arose of its abuse. Those considerations doubtless gave rise to the modification of the present statute, which

*Hartford,*
June, 1816.

Strong
*v.*
Wright.

says, " that on all warrants there shall be allowed to the several towns an abatement of one eighth part of the true list" &c. Here is a limitation of the power of abatement. The apportionment and distribution are still left to the discretion of the civil authority and select-men of the respective towns ; they are to apply this eighth " for the relief of the indigent in the abatement of their particular rates, in whole or in part, in such way and manner as they shall judge most proper, just and reasonable."

The expression " there shall be allowed to the several towns an abatement of one eighth" must be taken according to the subject matter. As explained and qualified in the direction of the disposition, we are to understand not an allowance of that portion of the state tax to the town as a body corporate, but to the poor and indigent, who may be subjects of abatement. This allowance is in no sense *a gift* to the town of the one eighth, but a remission of that amount to the poor and indigent ; and the civil authority or select-men are made almoners of the bounty. By the word " *empowered*" they are not only authorized, but commanded. It is, in statute language, imperative. It is their duty to apply this eighth among the fittest objects they can find in their respective towns ; to abate to the poor and indigent their rates, in whole or in part, until the eighth is absorbed. Because a man can *possibly* pay his taxes, it does not follow that he is not a subject of this allowance. *Rich* and *poor* are relative terms.

By the 16th section of the existing statute, we find that the treasurer can make no allowance of abatement, unless there be a certificate ; and by the reference there made, we further find by whom that certificate shall be given, by the persons who have right by law to make the abatement ; and who they are the 18th section informs us ; the civil authority and select-men of the respective towns. What then shall entitle a town to the allowance of this eighth part ? A certificate of the *truth* from the civil authority and select-men, that they have applied the one eighth for the relief of the indigent in the abatement of their taxes. This is the only currency that will pass at the treasury in discharge of this eighth part.

It appears to me, that a different principle and practice would be repugnant not only to the spirit, but to the letter

of the law. It may be that every man in a town can *possibly* pay his tax. The civil authority and select-men, to avail themselves of the eighth, certify as matter of form, that they have applied it for the relief of the indigent in the abatement of their respective taxes; and proceed to the collection of the whole, and put " *this eighth*" into their treasury. The consequence is obvious; this allowance for the poor is, by a falsehood, converted into a bounty for the rich, who are so far eased of the burthen of supporting the poor, and of other expenses of the town. This, to my mind, would be an abuse and manifest misconstruction of the law.

*Hartford,*
June, 1816.

Strong
*v.*
Wright.

GOULD, J. I should certainly conclude, from the general scope, and what appears to me the reasonable construction, of the statute, that the original intention of the legislature was, not to *grant* any part of the state tax to the respective towns, in any event; but merely, to permit them to make a *deduction* of one eighth of it, by *abating* the taxes of the indigent, to that amount, and in no other way. And according to this construction, the note in question, would, doubtless, be illegal and void. But, as the words of the act may be made to bear the opposite interpretation, and have practically received it, as I believe, by a usage of considerable extent, which cannot have escaped the notice of the legislature; I am not inclined, upon the whole, to dissent from the opinion, in which a majority of the court has concurred.

Judgment to be rendered for the plaintiff.